UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHA H., an Individual,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL¹, Commissioner of Social Security,<br><br>        Defendant. | Case No.: 8:17-02108 ADS<br><br>MEMORANDUM OPINION AND ORDER |

**I.    INTRODUCTION**

Plaintiff Nha H.² ("Plaintiff") challenges the Defendant, Nancy A. Berryhill, Acting Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant")

---

¹ The Complaint, and thus the docket caption, do not name the Commissioner. The parties list Nancy A. Berryhill as the Acting Commissioner in the Joint Stipulation. On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).
² Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is affirmed and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

Plaintiff filed an application for DIB on March 22, 2011, alleging disability beginning February 1, 2009. (Administrative Record ("AR") 181-82). Plaintiff claimed she was unable to work because of: leg problems, limping, weakness, numbness and tingling of legs. (AR 205-10). Plaintiff's application was denied initially on August 11, 2011 (AR 80-83), and upon reconsideration on November 22, 2011 (AR 86-90). A hearing was held before Administrative Law Judge ("ALJ") Keither Dietterle on June 4, 2013. (AR 37-58). On June 21, 2013, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act[3], since February 1, 2009. (AR 21-36). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on December 18, 2014. (AR 1-6).

Plaintiff then filed an action in District Court on February 10, 2015, challenging the ALJ's decision. (AR 470-77). On December 11, 2015, the Court reversed and remanded the matter for further administrative proceedings. (AR 478-93). Another hearing was held on May 25, 2017, this time before ALJ Alan J. Markiewicz. (AR 406-47). On September 29, 2017, the ALJ again found that Plaintiff had not been under a disability, pursuant to the Social Security Act, since February 1, 2009. (AR 381-405). Plaintiff filed this action on December 1, 2017. [Docket ("Dkt.") No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

In the ALJ's decision of September 29, 2017 (AR 381-99), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] At **step one**, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of February 1, 2009 through her date last insured of September 30, 2013. (AR 387). At **step two**, the ALJ found that Plaintiff had the following severe impairments: disc disease of the cervical spine; and history of fracture and open reduction and internal fixation of the right ankle. (AR 387). At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526." (AR 389-90).

The ALJ then found that Plaintiff had the following Residual Functional Capacity[5] ("RFC") :

> [P]erform a range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant was able to lift and carry 20 pounds occasionally, and 10 pounds frequently; sit for six hours out of an eight-hour day; and stand or walk for six hours out of an eight-hour day. She could occasionally use the upper extremities for pushing and pulling; she could frequently

---

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

[5] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(1)(1).

-3-

|   |   |
|---|---|
| 1 | climb stairs and occasionally climb ladders, ropes, or scaffolds and can occasionally crawl. She could occasionally reach overhead bilaterally with the upper extremities, but had to avoid concentrated exposure to unprotected heights or dangerous or fast-moving machinery. |
| 2 | |
| 3 | |
| 4 | (AR 390). |

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as an electronic assembler as generally and actually performed, stating: "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." The ALJ did not proceed to **step five**. (AR 397-98). Accordingly, the ALJ determined that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2009 through September 30, 2013. (AR 398).

## III.   STANDARD OF REVIEW

Under 42 U.S.C. §405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

1  "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific
2  quantum of supporting evidence. Rather, a court must consider the record as a whole,
3  weighing both evidence that supports and evidence that detracts from the Secretary's
4  conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and
5  internal quotation marks omitted). "'Where evidence is susceptible to more than one
6  rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc.
7  Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679
8  (9th Cir. 2005)); see Robbins, 466 F.3d at 882 ("If the evidence can support either
9  affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that
10 of the ALJ."). The Court may review only "the reasons provided by the ALJ in the
11 disability determination and may not affirm the ALJ on a ground upon which he did not
12 rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340
13 F.3d 871, 874 (9th Cir. 2003)).

## IV.  ANALYSIS

### A. Issue on Appeal

Plaintiff raises one issue for review: whether the ALJ's finding that Plaintiff can perform her past relevant work as an electronics assembler is supported by substantial evidence and free of legal error. [Dkt. 19, Joint Stipulation ("JS") 4]. Specifically, Plaintiff argues that her past relevant work requires 8 hours of sitting in an 8-hour work day but her RFC provides that she is capable of only 6 hours out of an 8 work day. As such, Plaintiff asserts the ALJ committed legal error and remand is appropriate.

### B. Legal Standard At Issue

The ALJ's finding at issue was made at step four of the five-step disability determination process. At step four, the ALJ determines whether a claimant has the

1 RFC to perform her past relevant work.  See 20 C.F.R. § 404.1520(f).  The term "past

2 relevant work" means either (1) a specific past job as the claimant "actually performed"

3 it, or (2) a past relevant job as it is "generally performed" or "usually performed" in the

4 national economy.  See, e.g., Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001)

5 (citing Social Security Ruling 82-62 and 20 C.F.R. §§ 404.1571, 404.1574, 404.1565,

6 416.971, and 416.974).  The ALJ is not required to make explicit findings at step four on

7 both prongs – that is, an ALJ may deny a claimant at step four based on a determination

8 that she can do her past relevant work as she "actually performed" it or as that job is

9 "generally performed." Id.

10       Where a claimant cannot perform her past relevant work as she "actually

11 performed" it, "but can perform the functional demands and job duties as generally

12 required by employers throughout the economy, the claimant should be found 'not

13 disabled.'" Social Security Ruling ("SSR") 82-61.  A claimant has the burden at step four

14 of showing that she can no longer perform her past relevant work.  20 CFR §§

15 404.1520(e) and 416.920(e); Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir. 1990).

16 Although the burden of proof lies with the claimant at step four, the ALJ still has a duty

17 to make the requisite factual findings to support his conclusion.  Pinto v. Massanari, 249

18 F.3d at 844; Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1167 (9th Cir. 2007).

19       **C. The ALJ Did Not Commit Legal Error**

20       Plaintiff's entire argument as to why the ALJ erred in making the determination

21 at step four is that the assessed RFC found Plaintiff could only sit for six hours and that

22 to be able to perform her past work either as actually performed or as performed in the

23 national economy, she must be able to sit for eight hours.  Plaintiff is mistaken.

24

The ALJ found that Hoang could return to her past relevant work as an electronics worker as generally and actually performed. (AR 397, ¶6). Hoang presented evidence that her past relevant work required sitting for eight hours per day. (AR 55-56). The vocational expert, relying on Exhibit 4E (AR 211-14) and Exhibit 3E, section 6 (AR 207), classified Hoang's past relevant work as "electronics assembler" (DOT No. 726.684-034, sedentary SVP 3, semiskilled) and "consistent to how the [Plaintiff] performed it as indicated." (AR 55). The DOT describes "sedentary work" as follows:

> Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.

DOT No. 726.684-034.

The ALJ never found that Plaintiff could only sit for a total of six hours.[6] As Defendant contends, the ALJ did not assess affirmative restrictions on Plaintiff's ability to sit. Rather, based on a thorough review of the medical records and testimony at the hearing, the ALJ found that Plaintiff retained the exertional capacity to perform "light work", as defined under 20 C.F.R. § 404.1567(b).[7] (AR 387-98). Light work is a

---

[6] Indeed, until filing a Complaint with this Court, Plaintiff herself never argued that she is unable to sit for eight hours. Plaintiff points to no medical evidence or testimony in the record to support such a finding, nor does she argue that the ALJ improperly assessed the medical testimony in his opinion.

[7] A residual function capacity is "the application of a legal standard" (sedentary, light, medium, heavy or very heavy work) "to the medical facts concerning [claimant's] physical capacity." Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Court §3:45 (2018); 20 C.F.R. § 404.1567 ("To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy and very heavy.").

technical term which includes the ability to sit for six hours out of an eight hour work day. An ALJ's determination that a claimant can perform light level exertion does not translate into affirmative restrictions on the claimant's ability to sit. Indeed, the Social Security Regulations provide that an individual that can perform light work can also perform the demands of sedentary work. 20 C.F.R. § 404.1567(b) ("[i]f someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time").

Moreover, the functional demands and job duties of the job of electronics assembler in the national economy do not require Plaintiff to sit for eight hours. Thus, even if the ALJ were to have found that Plaintiff could not sit for eight hours, such a finding would not preclude Plaintiff from being able to perform her past relevant work as it is "generally performed" or "usually performed" in the national economy. See 20 C.F.R. §404.1520(f); Pinto v. Massanari, 249 F.3d at 844-45.

Here, Plaintiff was given a "light" RFC – and the ALJ determined Plaintiff could perform a "sedentary" past job. Specifically, the ALJ found that Plaintiff could perform her past job as "Electronics assembler (DOT#726.684-034), which is sedentary semi-skilled work." (AR 398). Nothing in the DOT description of the occupation of "Assembler, Semiconductor" gives rise to a requirement that the worker sit for eight hours to perform the work. See DOT No. 726.684-034

Furthermore, according to the Ninth Circuit, a normal workday permits breaks every two hours; therefore, a claimant who can sit for two hours can perform sedentary work, but one who has to stand up more frequently than once every two hours cannot perform sedentary work. Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999). The

sitting requirement of sedentary work allows for normal breaks, including lunch, at two hour intervals. Ellis v. Barnhart, 392 F.3d 988, 996 (8th Cir. 2005). The need to alternate between sitting and standing more frequently than every two hours could significantly erode the occupational base for a full range of unskilled sedentary work. Id. at 997. One court has held that the ability to sit for six hours does not require the ability to sit for six hours at a time; thus, that court held that the claimant need not be able to sit for six consecutive hours in order to be capable of doing sedentary work. Federnandez-Sosa v. Bowen, 701 F. Supp. 74 (S.D.N.Y. 1988). A claimant who can sit for most of the day, but needs to stand up to take breaks occasionally is capable of sedentary work, so long as the breaks are "of short duration." Rosado v. Secretary of Health and Human Services, 807 F.2d 292 (1st Cir. 1986); Musto v. Halter, 135 F. Supp. 2d 220, 233 (D. Mass. 2001).

Moreover, if someone can do light work, it has been determined that he or she can also do sedentary work, "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b). Here, there were no additional limiting factors by the ALJ regarding Plaintiff's inability to sit for long periods of time. Indeed, the ALJ spends great length in his decision discounting the severity of the various ailments asserted by Plaintiff, including a finding that a medical report of no prolonged sitting to be without support. (AR 387-97). The ALJ also noted that the vocational expert at the hearing specifically testified that a person with the RFC limitations given could perform the work as an electronics assembler as generally performed. (AR 398).

| | |
|---|---|
| 1 | Accordingly, the ALJ correctly found that Plaintiff could perform her past work as |
| 2 | an electronics assembler as it is generally performed in the national economy.  As such, |
| 3 | remand in not appropriate. |
| 4 | **V.    ORDER** |
| 5 | For the reasons stated above, the decision of the Social Security Commissioner is |
| 6 | AFFIRMED and the action is DISMISSED with prejudice. |
| 8 | DATE: October 16, 2019 |

```
               /s/ Autumn D. Spaeth
            THE HONORABLE AUTUMN D. SPAETH
            United States Magistrate Judge
```